IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARK A. BARKER                                                                                          PETITIONER
ADC #139988

v.                                              4:24-cv-00541-JM-JJV

STATE OF ARKANSAS                                                                                     RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Petitioner Mark A. Barker, an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit, has filed a *pro se* pleading that has been construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 2.)  I have conducted a preliminary review of Mr. Barker's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed as time-barred.

**II.     BACKGROUND**

Mr. Barker was convicted of one count of robbery after entering a negotiated guilty plea on March 12, 2019, in the Circuit Court of Crittenden County, Arkansas. (Doc. No. 2 at 14-15.) He was sentenced as a habitual offender to twenty years' imprisonment, followed by ten years' suspended imposition of sentence. (*Id*.) The robbery count had been severed from various other counts in the same case, and Mr. Barker had been found guilty of one count of aggravated robbery after a jury trial in February 2019. *See State of Arkansas v. Mark Amos Barker*, No. 18CR-18-339, https://caseinfo.arcourts.gov. Mr. Barker was sentenced as a habitual offender to ten years' imprisonment on the aggravated-robbery conviction. *Id*. As part of the negotiated guilty plea on the robbery count, Mr. Barker agreed to withdraw his previously filed direct appeal of the aggravated-robbery conviction. (Doc. No. 2 at 10-11.)

Mr. Barker did not attempt an appeal of the robbery conviction, nor did he file a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 challenging that conviction. The state court docket shows he filed a *pro se* petition for writ of error coram nobis on June 30, 2023. *See State v. Barker*, No. 18CR-18-339. That petition is an exact replica of the Petition for Writ of Habeas Corpus now pending before this Court.[1] The state court has taken no action on it. The claims therein are difficult to decipher, but Mr. Barker seems to argue the circuit court erred in failing to "diligently" address his desire to appeal the aggravated-robbery conviction and in allowing him to enter into an involuntary guilty plea to the robbery charge. (Doc. No. 2 at 3-4, 8.)

### III.     ANALYSIS

---

[1] The pleading Mr. Barker filed in this Court is titled "Petition for Writ of Error Coram Nobis." (Doc. No. 2 at 1.) He initially took issue with the Petition being construed as one for habeas corpus (Doc. No. 5); however, after he was informed that the writ of error coram nobis is unavailable in federal court (Doc. No. 6), Mr. Barker indicated a desire to proceed with a habeas corpus petition. (Doc. No. 8.)

Mr. Barker's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Barker's sentencing order was entered on March 12, 2019. (Doc. No. 2 at 14.) Pursuant to Rule 2(a) of the Arkansas Rules of Appellate Procedure – Criminal, he had thirty days from the date of entry of judgment to file a notice of appeal. Mr. Barker did not file a notice of appeal; therefore, the judgment became final on April 11, 2019. The limitation period began to run on that date. Because Mr. Barker did not file a Rule 37 petition challenging the robbery conviction, there was no statutory tolling under § 2244(d)(2).

Mr. Barker does not allege he is entitled to equitable tolling, and a careful review of his Petition fails to show any basis for it. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Barker has not made either showing.

Accordingly, Mr. Barker's Petition for Writ of Habeas Corpus, filed June 17, 2024, is more than four years too late. Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Barker's Petition for Writ of Habeas Corpus is time-barred and he is not entitled to relief, dismissal is appropriate.

Additionally, one of the claims Mr. Barker presents in the instant Petition should be dismissed for another reason. He contends the trial court erred "by not diligently addressing the contention concerning [his] wish and right to appeal," which apparently refers to the condition of his plea agreement on the robbery charge requiring him to withdraw the direct appeal of his separate aggravated-robbery conviction. (Doc. No. 2 at 3.) While Mr. Barker presents the claim here, in a challenge to his robbery conviction, it is actually a challenge to his aggravated-robbery conviction, and he has made the claim before. After pursuing post-conviction relief from the aggravated-robbery conviction in state court, Mr. Barker sought habeas relief in this Court, alleging, *inter alia*, that he was denied the right to appeal and his counsel was ineffective for agreeing to withdraw the appeal. *See Mark A. Barker v. Dexter Payne*, No. 4:22-cv-00006-JM (E.D. Ark. Jan. 5, 2022). This Court denied relief on the bases that Mr. Barker's claims were procedurally defaulted and that he had failed to rebut the correctness of the state court's finding

4

that waiving the appeal was in fact part of the plea agreement. *Id*. at Doc. Nos. 29, 30. The United States Court of Appeals for the Eighth Circuit denied Mr. Barker's application for a certificate of appealability and dismissed the appeal. *Id*. at Doc. No. 55. Mr. Barker's attempt to bring the claim again in the instant Petition is barred under 28 U.S.C. § 2244(b)(1): "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

### IV.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

### V.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. No certificate of appealability be issued.

DATED this 9th day of August 2024.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE